IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRESCENT POINT ENERGY CORP., <br> Plaintiff, <br> v. <br> TACHYUS CORPORATION, <br> Defendant. | Case No. 20-cv-06850-MMC <br><br> **ORDER DENYING PLAINTIFF'S ADMINISTRATIVE MOTION TO SEAL PORTIONS OF COMPLAINT; DIRECTIONS TO DEFENDANT; DIRECTIONS TO PLAINTIFF** |

Before the Court is plaintiff Crescent Point Energy Corp.'s Administrative Motion, filed September 30, 2020, "to Seal Portions of Complaint." Having read and considered the Administrative Motion, the Court rules as follows.

In its complaint, plaintiff asserts five causes of action, each of which arises from or relates to a written agreement between plaintiff and defendant Tachyus Corporation, under which agreement defendant was to "develop custom Data Physics software" for plaintiff. (See Compl. ¶ 25.) By the instant Administrative Motion, plaintiff seeks leave to file under seal all references in the complaint to the terms and conditions of the parties' agreement. In support of such request, plaintiff relies solely on its assertion that said agreement contains a clause providing "the terms and conditions of the [a]greement are deemed confidential." (See Pl.'s Admin. Mot. at 1:6:7.)

Under the Local Rules of this District, a "sealing order may issue only upon a request that establishes that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law." See Civil L.R. 79-5(b). The movant must support the motion with a "declaration establishing that the

document sought to be filed under seal, or portions thereof, are sealable." See Civil L.R. 79-5(d)(1)(A).  "Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable." Id.

As plaintiff, in requesting that the unredacted version of the complaint be filed under seal, relies solely on what is, in effect, a stipulation between the parties that the entirety of their agreement is confidential, plaintiff's showing is insufficient. See id.  Nor is it readily apparent that the material plaintiff seeks leave to file under seal discloses a trade secret or other information properly filed under seal.  (See, e.g., Compl. ¶ 20, lines 6, 8; ¶ 75, lines 26-28.)

Accordingly, plaintiff's Administrative Motion is hereby DENIED.

Under such circumstances, the Court normally would direct plaintiff to file the unredacted version of the complaint in the public record. See Civil L.R. 79-5(f)(2).  In this instance, however, defendant may be able to demonstrate that the terms and conditions of the parties' agreement, or certain of them, are properly filed under seal, and, consequently, should be afforded the opportunity to make such showing.  To date, however, plaintiff has not filed proof of service of the summons and complaint on defendant, nor has defendant otherwise made an appearance.  Consequently, the Court will defer consideration of whether the unredacted version of the complaint should be filed in the public record until after defendant has made an appearance.

Accordingly, in the event defendant is of the view that any portion of the unredacted version of the complaint is properly filed under seal, defendant is hereby DIRECTED to file, no later than five court days after making an appearance in the instant action, an Administrative Motion to File Under Seal.  If defendant does not timely file such administrative motion, the Court will direct plaintiff to file the unredacted version of the complaint in the public record.

//

//

In light of the above, plaintiff is hereby DIRECTED to serve a copy of the instant order on defendant at the time it serves defendant with the summons and complaint, and to file proof of such service at the time it files proof of service of the summons and complaint.

**IT IS SO ORDERED.**

Dated:  October 19, 2020

MAXINE M. CHESNEY
United States District Judge