IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRESCENT POINT ENERGY CORP., <br> Plaintiff, <br> v. <br> TACHYUS CORPORATION, <br> Defendant. | Case No. 20-cv-06850-MMC <br><br> **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS; DISMISSING COMPLAINT WITH LEAVE TO AMEND; CONTINUING CASE MANAGEMENT CONFERENCE** |

Before the Court is defendant Tachyus Corporation's ("Tachyus") Motion to Dismiss, filed November 20, 2020. Plaintiff Crescent Point Energy Corp. ("Crescent Point") has filed opposition, to which Tachyus has replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court hereby rules as follows:[1]

1. The First Cause of Action, by which Crescent Point alleges it was fraudulently induced to enter into an agreement with Tachyus, is subject to dismissal. As Tachyus points out, Crescent Point fails to allege facts to support a finding that the statements on which it relies (see Compl. ¶¶ 46-47) were false when made. Rather, in all but two instances, Crescent Point cites to allegations that, at best, do no more than support a

---

[1] By order filed January 25, 2021, the Court took the matter under submission.

finding that Tachyus breached the agreement (see Pl.'s Opp. at 6:22 – 8:24),[2] which allegations, without more, are insufficient to plead a claim of fraudulent inducement, see Conrad v. Bank of America, 45 Cal. App. 4th 133, 157 (1996) (rejecting argument that "failure to perform a promise is sufficient to prove fraud"; holding "this is not, and has never been the law") (internal quotation, alteration, and citation omitted), and in those two instances, Crescent Point's additional allegations likewise are unavailing.  In particular, to the extent Crescent Point alleges Tachyus, by announcing, in a proposal made approximately nine months after the contract was executed, "'improvements and enhancements'" to its software had been made (see Compl. ¶ 44), effectively "conceded that its software . . . was flawed from the outset" (see id.), such allegation, contrary to Crescent Point's argument, does not show the software was flawed from the outset, let alone that Tachyus knew the software was flawed from the outset.  Similarly unavailing is Crescent Point's allegation that Tachyus's representation that the work would be handled by Tachyus employees (see Compl. ¶ 22) was false when made, given its "history of outsourcing" (see Compl. ¶ 51), an allegation that is both ambiguous and conclusory. See Ashcroft v. Iqbal, 556 U.S. 662, 681 (holding "conclusory" allegations are "not entitled to be assumed true"); see also Fed. R. Civ. P. 9(b) (providing fraud must be alleged with "particularity").

     2.  The Second Cause of Action, by which Crescent Point alleges breach of contract, is subject to dismissal.  In seeking dismissal, Tachyus asserts that, to bring such claim, Crescent Point must first have complied with the "Termination" provision in

---

[2] Crescent Point alleges Tachyus breached the parties' agreement by "misrepresent[ing] the capabilities of its software" (see Compl. ¶ 59), "fail[ing] to conduct diligence" (see Compl. ¶ 60), "fail[ing] to set KPIs [key performance indicators]" (see Compl. ¶ 61), "outsourc[ing] its software development and testing" (see Compl. ¶ 62), "fail[ing] to adequately gather information and feedback" (see Compl. ¶ 63), "fail[ing]" to "make [its] software compatible with Crescent Point's wells" (see Compl. ¶ 64), "causing Crescent Point to spend significant amounts of its own money and resources to collect . . . data for Tachyus" (see Compl. ¶ 65), and "sending Crescent Point an invoice" (see Compl. ¶ 66).

the parties' written agreement. (See Richmann Decl. Ex. A ¶ 9.2.)[3] In response, Crescent Point does not dispute such assertion, but, rather, argues that, contrary to Tachyus's assessment of the communications on which Crescent Point relies, it did comply with the Termination provision. Even construing Crescent Point's allegations "in the light most favorable to [it]," see NL Industries v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986), however, the Court finds Crescent Point's alleged communications to Tachyus (see Compl. ¶¶ 31-33, 42) do not, either strictly or substantially, comply with the Termination provision.

  3. The Third Cause of Action, by which Crescent Point alleges breach of the implied covenant of good faith and fair dealing, is subject to dismissal. In response to Tachyus's assertion that Crescent Point must have complied with the Termination provision to bring such claim, Crescent Point, as noted above, does not dispute such assertion. Rather, Crescent Point again argues it did comply with the Termination provision, and, as also noted, the Court finds Crescent Point has not adequately alleged such compliance.

  4. The Fourth Cause of Action, by which Crescent Point alleges unjust enrichment, is subject to dismissal. To the extent the claim is based on a theory that Tachyus, contrary to a provision in the parties' agreement setting forth the circumstances under which an invoice may issue (see Richmann Decl. Ex. B at 10), nonetheless submitted, and was paid in "error" on, an invoice during a "'risk-free' period (see Compl. ¶¶ 40-41, 87-88), Crescent Point may not seek reimbursement under a theory of unjust enrichment. See California Medical Ass'n. Inc. v. Aetna U.S. Healthcare, 94 Cal. App. 4th 151, 172 (2001) (holding "action for unjust enrichment does not lie where . . . express binding agreements exist and define the parties' rights"; characterizing claim based on unjust enrichment as "quasi-contract" claim). For the same reason, to the extent the

---

[3] Tachyus's unopposed request that the Court take judicial notice of the three documents comprising the parties' agreement is hereby GRANTED.

claim is based on an allegation that Tachyus, contrary to a provision in the parties' agreement defining the circumstances under which Tachyus can use Crescent Point's "Customer Content" (see Richmann Decl. Ex. A ¶ 2.3.1), used Crescent Point's "data"[4] to "enhance and build its software for use with other customers" (see Compl. ¶ 89), Crescent Point cannot rely on a theory of unjust enrichment. See California Medical Ass'n, 94 Cal. App. 4th at 172.

5. The Fifth Cause of Action, by which Crescent Point alleges violations of § 17200 of the California Business & Professions Code, see Cal. Bus. & Prof. Code § 17200 (providing § 17200 claim may be based on, inter alia, a "fraudulent" or "unfair" act), is subject to dismissal. Here, to the extent the claim is based on alleged fraud, it fails for the reasons stated above with respect to the First Cause of Action. To the extent the claim, irrespective of any allegation of fraud, is based on Tachyus's alleged unfair outsourcing of work, it fails for the reason that Crescent Point fails to plead facts to show it was harmed by such outsourcing. See Cal. Bus. & Prof. Code § 17204 (providing plaintiff seeking relief under § 17200 must have "suffered injury in fact and . . . lost money or property as a result of the unfair competition").

6. As Tachyus has not shown, and the Court does not find, Crescent Point could not, if afforded an opportunity to amend, potentially state a viable claim, the Court will afford Crescent Point leave to amend.

//
//
//
//
//
//

---

[4] "Customer Content," as defined in the parties' agreement, includes "data." (See Richmann Decl. Ex. A ¶ 1.)

**CONCLUSION**

For the reasons stated above, Tachyus's motion to dismiss is hereby GRANTED, and the complaint is DISMISSED with leave to amend. Any First Amended Complaint shall be filed no later than May 7, 2021.

In light of the above, the Case Management Conference is hereby CONTINUED from April 23, 2021, to July 23, 2021, at 10:30 a.m. A Joint Case Management Statement shall be filed no later than July 16, 2021.

**IT IS SO ORDERED.**

Dated: April 13, 2021

MAXINE M. CHESNEY
United States District Judge