1

2

3

4

5          IN THE UNITED STATES DISTRICT COURT

6       FOR THE NORTHERN DISTRICT OF CALIFORNIA

7

8    CRESCENT POINT ENERGY CORP.,          Case No.  20-cv-06850-MMC

           Plaintiff,                      **ORDER GRANTING IN PART AND**
9                                          **DENYING IN PART PLAINTIFF/**
                                           **COUNTERDEFENDANT'S MOTION TO**
10          v.                             **DISMISS AND TO STRIKE**

11   TACHYUS CORPORATION,

12          Defendant.

13

14        Before the Court is plaintiff/counterdefendant Crescent Point Energy Corp.'s

15   ("Crescent Point") "Motion to Dismiss Counterclaim and Strike Affirmative Defenses,"

16   filed April 27, 2022.  Defendant/counterclaimant Tachyus Corporation ("Tachyus") has

17   filed opposition, to which Crescent Point has replied.  Having read and considered the

18   papers filed in support of and in opposition to the motion,[1] the Court rules as follows.[2]

19   **A.  Motion to Dismiss Counterclaim**

20        Tachyus asserts one counterclaim, titled "Breach of Written Contract,"[3] in which it

21   alleges Crescent Point breached the parties' contract by failing to pay a "$150,000 CDN"

22

23        [1] Crescent Point failed to provide the Court with a courtesy copy of its reply.
     Nonetheless, the Court has considered it.  For future reference, Crescent Point is
24   reminded that, pursuant to the Court's Standing Orders, parties are required to provide
     for use in chambers one paper copy of each document that is filed electronically.
25

26        [2] By order filed June 29, 2022, the Court took the matter under submission.

27        [3] The contract consists of three documents (see Countercl. ¶ 34), titled,
     respectively, "Tachyus Master Subscription Agreement" (see Countercl. Ex. A),
28   "Statement of Work" (see Countercl. Ex. B), and "Addendum" (see Countercl. Ex. C).

United States District Court
Northern District of California

1  monthly fee to access Tachyus's software (see Countercl. ¶¶ 36-40),[4] and by "never

2  pa[ying] the Early Termination Fee to which Tachyus was entitled," which fee, as

3  calculated by Tachyus, is "$510,000 CDN" (see Countercl. ¶¶ 47-50).  Crescent Point

4  argues both claims are subject to dismissal.

5       **1.  Failure to Pay Monthly Fee**

6       Under the parties' contract, Tachyus "grant[ed]" Crescent Point the "right to access

7  the features and functions of the applicable Tachyus Service" (see Countercl. Ex. A

8  ¶ 2.1), specifically, "Aqueon, powered by Data Physics™" (see Countercl. Ex. B at 3).

9  The parties also agreed to a "two-year engagement at $150,000 CDN per month."  (See

10  Countercl. Ex. B at 3).  Tachyus alleges Crescent Point paid the monthly fee for the first

11  seven months of the two-year term (see Countercl. ¶¶ 14, 39), but made no further

12  payments (see Countercl. ¶ 39).

13       Crescent Point argues the counterclaim lacks facts sufficient to establish Crescent

14  Point owed a duty to pay the above-referenced monthly fees, because Tachyus has not

15  alleged it performed an act that, according to Crescent Point, constitutes a condition

16  precedent to Crescent Point's obligation to pay those fees.  In particular, Crescent Point

17  relies on a paragraph in the contract providing that "all undisputed fees due [under the

18  contract] shall be due and payable within forty five (45) days of the date of [Crescent

19  Point's] receipt of the applicable invoice."  (See Countercl. Ex. A ¶ 4.1.)

20       Under California law, "[a] condition precedent is either an act of a party that must

21  be performed or an uncertain event that must happen before the contractual right accrues

22  or the contractual duty arises."  See JMR Constr. Corp. v. Environmental Assessment &

23  Remediation Mgmt., Inc., 243 Cal. App. 4th 571, 593 (2015) (internal quotation and

24

25       [4] The answer and counterclaim are contained in a single document titled "Answer
26  to First Amended Complaint and Counterclaim," with the answer comprising paragraphs
   numbered 1 through 255, along with affirmative and other defenses set forth in
27  unnumbered paragraphs, and the counterclaim comprising paragraphs numbered 1
   through 52.  For purposes of clarity, the Court, in its citations herein, has designated the
28  two sections of the pleading as "Answer" and "Countercl."

2

1    citation omitted).  As "conditions precedent are not favored," see Schwab v. Bridge, 27

2    Cal. App. 204, 207 (1915), however, "an agreement will be strictly construed against a

3    party asserting that its provisions impose a condition precedent," see Helzel v. Superior

4    Court, 123 Cal. App. 3d 652, 663 (1981).  In particular, provisions in an agreement "are

5    not to be construed as conditions precedent unless such construction is required by

6    clear, unambiguous language."  See JMR Constr., 243 Cal. App. 4th at 594.

7         Here, the invoicing provision on which Crescent Point relies does not include any

8    language suggesting issuance of an invoice was a condition precedent to Crescent

9    Point's obligation to pay the monthly fees; for example, the contract does not state

10   Crescent Point must make a monthly payment "if" or "provided that" Tachyus issues an

11   invoice.  See Microsoft Corp. v. Hon Hai Precision Industry Co., 2019 WL 3859035, at *5

12   (N.D. Cal. August 16, 2019) (setting forth examples of "conditional language" indicative of

13   condition precedent); cf. Schwab, 27 Cal. App. at 205-07 (finding, where agreement

14   included promise to guarantee debt, followed by phrase "provided the amount may be

15   due and presented to [guarantor] by December 3, 1905," the "words employed . . . clearly

16   support[ed] the contention . . . that presentation of the account due and within the time

17   specified was intended as a condition precedent").  Rather, the "essential bargain"

18   between the parties is Tachyus's making its services available to Crescent Point in return

19   for a fee, with the obligation to pay arising upon Crescent Point's receipt of those

20   services, not Tachyus's issuance of an invoice.  See, e.g., Microsoft Corp., 2019 WL

21   3859035, at *5 (holding, where "essential bargain" between parties was use of patents in

22   exchange for payment of royalties, licensee's "obligation to pay arose when it availed

23   itself of the patent rights granted to it," not when patent holder issued invoice in

24   accordance with contractual "invoicing provision").  In sum, Crescent Point has failed to

25   show issuance of an invoice is a condition precedent to Crescent Point's obligation to pay

26   a monthly fee.

27        Accordingly, to the extent the counterclaim is based on Crescent Point's alleged

28   failure to pay monthly fees, the counterclaim is not subject to dismissal.

### 2. Failure to Pay Termination Fee

As noted, Tachyus also alleges Crescent Point failed to pay an "Early Termination Fee to which Tachyus was entitled." (<u>See</u> Countercl. ¶ 47.)  In support thereof, Crescent Point relies on the following contractual provision:  "In the event Crescent Point elects to terminate the [contract] to suit the convenience of Crescent Point and not for a cause as provided [elsewhere in the contract], prior to the end of the Term, Crescent Point shall pay to Tachyus a fee (the 'Early Termination Fee') equal to 20% of the remaining fees to be paid by Crescent Point under the [contract] as of the date Crescent Point provides notice to Tachyus of such early termination." (<u>See</u> Countercl. Ex. B at 11.)

It is evident from the above-quoted language, however, that an Early Termination Fee was due only if Crescent Point had terminated the contract for a reason other than cause, and, as Crescent Point points out, Tachyus not only fails to allege Crescent Point terminated the contract for a reason other than cause, it expressly alleges, several times, that Crescent Point did not terminate the contract. (<u>See</u> Countercl. ¶ 25 (alleging "[a]t no time did Crescent Point terminate its contact with Tachyus"); Countercl. ¶ 47 (alleging Crescent Point "never terminated the contract"); Countercl. ¶ 50 (same).)

In its opposition, Tachyus refers to the instant claim as being "in the alternative" to its claim that Crescent Point owes monthly fees. (<u>See</u> Def.'s Opp. at 10:9-10.)  Although the Federal Rules of Civil Procedure allow a party to assert inconsistent claims, <u>see</u> Fed. R. Civ. P. 8(d)(3) (providing "party may make as many separate claims . . . as it has, regardless of consistency"), a claim will not survive a motion to dismiss unless the party asserting such claim alleges "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," <u>see</u> <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (internal quotation and citation omitted), and, as noted, the counterclaim does not include facts showing Crescent Point terminated the contract for any reason, let alone for a reason other than cause.

Accordingly, to the extent the counterclaim is based on Crescent Point's alleged failure to pay an Early Termination Fee, the counterclaim is subject to dismissal.  Such

1   dismissal, however, will be with leave to amend.  See Eminence Capital, LLC v. Aspeon,

2   Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (holding "[d]ismissal with prejudice and without

3   leave to amend is not appropriate unless it is clear . . . the complaint [can] not be saved

4   by amendment").

5   **B.  Affirmative Defenses**

6        A district court "may strike from a pleading an insufficient defense or any

7   redundant, immaterial, impertinent, or scandalous matter."  See Fed. R. Civ. P. 12(f).

8        Tachyus's answer contains thirteen "affirmative defenses" (see Answer at 23:25-

9   26), each of which, according to Crescent Point, should be stricken.  In that regard,

10  Crescent Points argues the "affirmative defenses" (1) are not affirmative in nature,

11  (2) lack facts sufficient to provide fair notice as to the basis for the defense, and/or

12  (3) are inapplicable as a matter of law to any of Crescent Point's claims.

13       **1.  Not Affirmative in Nature**

14       "A defense which demonstrates that plaintiff has not met its burden of proof is not

15  an affirmative defense."  Zivkovic v. Southern California Edison Co., 302 F.3d 1080, 1088

16  (9th Cir. 2002).  Rather, such a defense is "merely rebuttal against the evidence [to be]

17  presented by the plaintiff" and, consequently, when pleaded as an affirmative defense, is

18  "redundant" and subject to being stricken "so as to simplify and streamline the litigation."

19  See Barnes v. AT&T Pension Benefit Plan-Nonbargained Program, 718 F. Supp. 2d

20  1167, 1173-74 (N.D. Cal. 2010) (striking eight "affirmative defenses" that "simply

21  provide[d] a basis to negate an element of [the plaintiff's] prima facie case for relief").

22       Here, Crescent Point argues, the First, Fourth, Fifth, Sixth, and Twelfth Defenses

23  are not affirmative in nature.  As to the First, by which Tachyus alleges Crescent Point

24  fails to state a claim upon which relief can be granted, Tachyus states it "does not oppose

25  Crescent Point's motion" (see Def.'s Opp. at 14:2-4), and the Court finds persuasive

26  Crescent Point's argument as to the following:  (1) the Fifth Defense, alleging Crescent

27  Point "has not suffered any harm, so recovery would constitute a windfall" (see Answer at

28  24:18-20); (2) the Sixth Defense, alleging Tachyus "performed its contractual obligations"

United States District Court
Northern District of California

5

1   (see Answer at 24:21-23); and (3) the Twelfth Defense, alleging the damages sought by

2   Crescent Point are "impermissibly remote and speculative" (see Answer at 25:15-18).  As

3   to the Fourth Defense, however, by which Tachyus alleges Crescent Point "breached the

4   agreement" by failing to make required payments (see Answer at 24:15-17; Counterclaim

5   ¶¶ 38-40), Crescent Point fails to show said allegation constitutes mere rebuttal to

6   Crescent Point's claims, as the relief sought is not simply a denial of the obligation to pay

7   the sum sought by Crescent Point, but a claim for monies separate from and greater than

8   that sum; consequently, the Fourth Defense will not be stricken.

9        Accordingly, the First, Fifth, Sixth, and Twelfth Defenses will be stricken, without

10  prejudice to Tachyus's raising such defenses in rebuttal to Crescent Point's claims, and

11  the Fourth Defense will not be stricken.

12       **2. Lack of Fair Notice**

13       To adequately plead an affirmative defense, the defendant must provide "fair

14  notice" by at least "describing the defense in general terms."  See Kohler v. Flava

15  Enterprises, Inc., 779 F.3d 1016, 1019 (9th Cir. 2015) (internal quotation and citation

16  omitted) (finding, in action wherein disabled plaintiff alleged bench in defendant's store

17  was noncompliant with federal regulation, defendant gave sufficient notice of "equivalent

18  facilitation" as affirmative defense by alleging "store was compliant due to its use of

19  'alternative methods' of accessibility").

20       Here, Crescent Point argues, the Second, Third, Eighth, Ninth, Tenth, Eleventh,

21  and Thirteenth Defenses, should be stricken for failure to provide fair notice of the basis

22  therefor.  To the extent the Second Defense is based on laches, Tachyus states it "does

23  not oppose Crescent Point's motion" (see Def.'s Opp. at 14:2-4), and the Court finds

24  persuasive Crescent Point's argument as to the following:  (1) the Second Defense, to

25  the extent Tachyus alleges Crescent Point's claims are barred by "estoppel, unclean

26  hands, in pari delicto, and waiver" (see Answer at 24:6-8); (2) the Eighth Defense,

27  alleging Crescent Point "ratified or consented to the challenged conduct" (see Answer at

28  25:1-3); (3) the Ninth Defense, alleging Crescent Point's claims are barred by "the

United States District Court
Northern District of California

6

1    doctrine of substantial compliance" (see Answer at 4-5); and (4) the Thirteenth Defense,

2    alleging "the damages alleged by [Crescent Point] are not reasonable and are thus

3    barred by California Civil Code Section 3359" (see Answer at 25:19-21); Cal. Civ. Code

4    § 3359 (providing, "where an obligation of any kind appears to create a right to

5    unconscionable and grossly oppressive damages, contrary to substantial justice, no more

6    than reasonable damages can be recovered").

7         As to the following, however, the requisite fair notice has been provided:  (1) the

8    Third Defense, alleging Crescent Point "fail[ed] to mitigate damages" by not "exercis[ing]

9    reasonable care and diligence to avoid loss" and that any damages are "reduced or set-

10   off entirely or in part by the benefits that [Crescent Point] received from the alleged

11   conduct" (see Answer at 24:9-14); (2) the Tenth Defense, alleging Crescent Point's

12   claims are barred by "a contractual limitation of liability provision" (see Answer at 25:6-8;

13   Countercl. ¶ 42 (citing "Section 6" of contract)); see also Wyshak v. City Nat'l Bank, 607

14   F.2d 824, 827 (9th Cir. 1979) (finding defendant, in moving to amend answer, provided

15   "fair notice," where proposed answer alleged "plaintiff's claims are barred by the

16   applicable statute of limitations" and defendant identified applicable statute in motion);

17   and (3) the Eleventh Defense, alleging any recovery by Crescent Point "must be set off

18   and reduced by the amount of any separate obligation owed by [Crescent Point] to . . .

19   Tachyus" (see Answer at 25:10-14; Countercl. ¶¶ 41-44).

20        Accordingly, the Second, Eighth, Ninth, and Thirteenth Defenses will be stricken,

21   with leave to amend, and the Third, Tenth, and Eleventh Defenses will not be stricken.

22        **3. Not Applicable**

23        Crescent Point contends the Seventh Defense, alleging Crescent Point "seek[s]

24   excessive damages in violation of the Due Process Clause guarantees of the Fifth and

25   Fourteenth Amendments of the United States Constitution, and the Eighth Amendment of

26   the United States Constitution" (see Answer at 24:24-27), is inapplicable as a matter of

27   law to Crescent Point's claims.  Specifically, Crescent Point, while acknowledging the

28   above-referenced constitutional provisions limit excessive punitive damages awards,

United States District Court
Northern District of California

1   asserts its claims are based on breach of contract, a claim for which punitive damages

2   are not available.  See Cooper Industries, Inc. v. Leatherman Tool Group, Inc., 532 U.S.

3   424, 433-34 (2001) (discussing limits imposed by Fifth and Eighth Amendments on state

4   courts' ability to award "punitive damages"); Crogan v. Metz, 47 Cal. 2d 398, 405 (1956)

5   (holding "punitive damages . . .may not be granted in an action based on a breach of

6   contract").

7   　　　In its opposition, Tachyus argues the Seventh Defense should not be stricken

8   because there is a "lack of clarity" as to the damages Crescent Point may be seeking.

9   (See Def.'s Opp. at 14:16-24.)  What is clear, however, is that Crescent Point may not, as

10  it readily concedes, seek punitive damages as a remedy for its claims.  Consequently, no

11  constitutional issue as to punitive damages being presented in the instant action, the

12  allegations in the Seventh Defense are, in essence, immaterial.

13  　　　Accordingly, the Seventh Defense will be stricken without leave to amend.

14  　　　　　　　　　　　　　　　　　**CONCLUSION**

15  　　　For the reasons stated above, Crescent Point's motion to dismiss and to strike is

16  hereby GRANTED in part and DENIED in part, as follows:

17  　　　1.  To the extent the counterclaim is based on a claim that Crescent Point failed to

18  pay Tachyus an Early Termination Fee, the motion is GRANTED.

19  　　　2.  The First, Second, Fifth, Sixth, Seventh, Eighth, Ninth, Twelfth, and Thirteenth

20  Defenses are hereby STRICKEN.

21  　　　3.  In all other respects, the motion is DENIED.

22  　　　4.  If Tachyus chooses to amend its counterclaim and/or the Second, Eighth,

23  Ninth, and Thirteenth Defenses, it shall file an amended pleading no later than July 22,

24  2022.

25  　　　**IT IS SO ORDERED.**

26

27  Dated: July 1, 2022

28

MAXINE M. CHESNEY
United States District Judge

United States District Court
Northern District of California

8