UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRESCENT POINT ENERGY CORP., <br> Plaintiff, <br> v. <br> TACHYUS CORPORATION, <br> Defendant. | Case No. 20-cv-06850-MMC (AGT) <br><br> **DISCOVERY ORDER** <br> Re: Dkt. Nos. 116, 117 |

Crescent Point seeks a court order that would compel Tachyus to produce documents responsive to seven of Crescent Point's RFPs (Nos. 1, 4, 5, 8, 9, 10, and 11).

Crescent Point served the disputed RFPs before Judge Chesney ruled on Tachyus's motion to dismiss the first amended complaint. Judge Chesney's order on that motion substantially narrowed the scope of the case, *see* Dkt. 71, and the undersigned agrees with Tachyus that the disputed RFPs are not reasonably tailored to the remaining claims.

As both sides recognize, the crux of the case now centers on whether Tachyus's Backtesting phase (i.e., the phase during which Tachyus tried to adapt its software to Crescent Point's business needs) was a success. Or more precisely, the central issue is whether the Backtesting phase demonstrated that Tachyus's software could provide "feasible opportunities for financial upside for Crescent Point." Dkt. 46, FAC ¶ 163; *see also* Dkt. 49-4 at 11 (relevant terms of the statement of work).

The disputed RFPs are not tailored to the Backtesting phase, or to topics that would bear on whether the Backtesting phase was a success. The disputed RFPs seek discovery related to software development and functionality, errors Tachyus encountered while implementing its software, and Tachyus's progress reporting obligations. *See* Dkt. 104-4 at 9–10. Some of these

topics may unearth relevant documents; but the RFPs are overbroad, and the Court isn't satisfied that they are proportional to the needs of the case.

It is true, as Crescent Point notes, and as Tachyus doesn't dispute, that Tachyus didn't timely object to Crescent Point's RFPs, or to an accompanying set of interrogatories. But for several reasons, the Court will excuse Tachyus's untimeliness.

First, although Tachyus wrongly assumed that Crescent Point would amend or re-notice its discovery requests after Judge Chesney issued her order on Tachyus's motion to dismiss the first amended complaint, Tachyus's mistake doesn't reflect bad faith.

Second, Tachyus's error hasn't prejudiced Crescent Point. Fact discovery doesn't close until July 14, 2023, three-and-a-half months from now, which will give Crescent Point time to conduct the discovery it needs.

Third, some of Crescent Point's discovery requests track claims that Judge Chesney dismissed. It would be fruitless and a waste of resources to require Tachyus to produce discovery that isn't relevant to the remaining claims in the case.

For these reasons, the Court finds good cause to excuse Tachyus's failure to timely respond to Crescent Point's RFPs and interrogatories. *See Spectrum Scis., LLC v. Celestron Acquisition, LLC*, No. 20-CV-03642-EJD (VKD), 2020 WL 7352644, at *1 (N.D. Cal. Dec. 15, 2020) ("[F]ederal district courts have discretion to grant relief from a waiver [of untimely objections to discovery] where there is good cause to do so.").

Crescent Point may serve new discovery requests that are targeted to the remaining claims, but Tachyus need not respond further to the requests as written.

**IT IS SO ORDERED.**

Dated: March 27, 2023

Alex G. Tse
United States Magistrate Judge