UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRESCENT POINT ENERGY CORP., <br> Plaintiff, <br> v. <br> TACHYUS CORPORATION, <br> Defendant. | Case No. 20-cv-06850-MMC (AGT) <br><br> **DISCOVERY ORDER** <br> Re: Dkt. No. 132 |

In a prior discovery order, the Court observed that "the crux of the case now centers on whether Tachyus's Backtesting phase (i.e., the phase during which Tachyus tried to adapt its software to Crescent Point's business needs) . . . . demonstrated that Tachyus's software could provide 'feasible opportunities for financial upside for Crescent Point.'" Dkt. 123 at 1 (quoting Dkt. 46, FAC ¶ 163). From that starting point, the Court concluded that some of Crescent Point's discovery requests were overbroad because they were "not tailored to the Backtesting phase, or to topics that would bear on whether the Backtesting phase was a success." *Id.*

Subsequently, Crescent Point served new discovery requests. *See* Dkt. 133. Tachyus asserts that some of these new requests are also overbroad, but the Court disagrees. The new

requests are "tailored to the Backtesting phase, or to topics that would bear on whether the Backtesting phase was a success." Dkt. 123 at 1. *See, e.g.*, RFP 34 (seeking "[a]ll Documents and Communications relating to any errors, difficulties, anomalies, or other problems You encountered while implementing the Data Physics Software *during the Backtesting Phase*, which impacted or threatened to impact the Data Physics Software's ability to provide Crescent Point with '*feasible opportunities for meaningful financial upside*'") (emphasis added); RFP 37 (requesting "Documents sufficient to show the Data Physics Software's ability to predict and optimize water injection rates and speeds on the Fields *during the Backtesting Phase*") (emphasis added); ROG 22 (asking Tachyus to "[e]xplain all errors, difficulties, anomalies, or other problems You encountered while implementing the Data Physics Software pursuant to the Agreement that impacted, or had the potential to impact, the ability of the Data Physics Software to provide Crescent Point with '*feasible opportunities for meaningful financial upside*'") (emphasis added).

The new requests seek relevant information, and Tachyus hasn't persuaded the Court that the burden of responding to them is likely to outweigh the benefit.

Tachyus must substantively respond to the requests at issue (ROG 22 and RFPs 31, 34–39, and 41–42) by August 1, 2023.[1]

**IT IS SO ORDERED.**

Dated: July 17, 2023

Alex G. Tse
United States Magistrate Judge

---

[1] The undersigned is mindful that Judge Chesney set last Friday, July 14, 2023, as the fact discovery cutoff. *See* Dkt. 110 at 1. This order doesn't permit new discovery requested on the eve of the cutoff. It directs Tachyus to substantively respond to timely served discovery requests and to a timely request to compel production. *See* Civil L.R. 37-3.