UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRESCENT POINT ENERGY CORP.,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>TACHYUS CORPORATION,<br><br>　　　　　Defendant. | Case No. 20-cv-06850-MMC (AGT)<br><br>**DISCOVERY ORDER**<br>Re: Dkt. No. 131 |

　　　　Tachyus has declined to provide a witness to testify on three of Crescent Point's noticed 30(b)(6) topics. The Court considers the disputed topics below.

\* \* \*

　　　　Topic 1: Any errors, difficulties, anomalies, or other problems You encountered while implementing the Software during the Backtesting Phase, which impacted the Software's ability to provide Crescent Point with "feasible opportunities for meaningful financial upside."

Dkt. 133 at 50.

　　　　Tachyus contends that Topic 1 is overbroad. It is not. Topic 1 seeks testimony only on matters that would directly inform whether the Backtesting phase was a success. "[W]hether Tachyus's Backtesting phase . . . was a success" is "the crux of the case." Order, Dkt. 123 at 1.

Tachyus also asserts that Topic 1 fails to identify with "painstaking specificity" the subjects to be covered in the deposition. Dkt. 131 at 3 (simplified). Some district courts have utilized a "painstaking specificity" standard in evaluating 30(b)(6) topics. *See, e.g.*, *Batiste v. City of Richmond*, No. 22-CV-01188-HSG (RMI), 2023 WL 2951538, at *2 (N.D. Cal. Apr. 14, 2023) (collecting cases). Rule 30(b)(6) doesn't employ this standard. Rule 30(b)(6) requires the noticing party to describe with "reasonable particularity" the matters for examination. Fed. R. Civ. P. 30(b)(6). Topic 1 satisfies the 30(b)(6) standard, which is all that is required.

Lastly, Tachyus objects that Topic 1 will "require an impossible amount of memorization by a witness," because the "project lasted for many months." Dkt. 131 at 4. For two reasons, the Court is unpersuaded by this objection.

First, what matters in assessing burden is not the length of the project but the number of "errors, difficulties, anomalies, or other problems [Tachyus] encountered while implementing the Software during the Backtesting Phase." Dkt. 133 at 50. Tachyus hasn't provided the Court with an estimate of that number. As a result, Tachyus hasn't established that Topic 1 will require "an impossible amount of memorization." Dkt. 131 at 4.

Second, as Crescent Point notes, it "is not asking Tachyus to produce a witness who has memorized every fact relating to Topic 1." *Id.* at 2. Crescent Point seeks a 30(b)(6) witness who can meaningfully testify on Topic 1. *See id.* Witness preparation will be required, but an impossible amount of memorization will not be. *See Bierk v. Tango Mobile, LLC*, 2021 WL 698479, at *3 (N.D. Ill. Feb. 23, 2021) ("There is no requirement that a Rule 30(b)(6) witness memorize thousands of pages of documents and be able to recall in exacting detail the minutia of such voluminous records.").

Tachyus must produce a witness to testify on Topic 1.

> Topic 2: The Software's ability or inability to perform during the Backtesting Phase as required by the Agreement, including the Software's ability or inability to (i) use machine learning to forecast oil production on the Fields during the Backtesting Phase; (ii) predict and optimize waterflooding pressure on the Fields during the Backtesting Phase; (iii) predict and optimize water injection rates and speeds on the Fields during the Backtesting Phase; (iv) maximize oil extraction on the Fields during the Backtesting Phase; (v) gather and analyze Crescent Point's fracking and log data during the Backtesting Phase; and (vi) model hydraulic fractures on the Fields during the Backtesting Phase.

Dkt. 133 at 50.

Like Topic 1, Topic 2 is tailored to the Backtesting phase and to "topics that would bear on whether the Backtesting phase was a success." Dkt. 123 at 1. Tachyus asserts that "Topic 2 should be rejected for the same reasons as Topic 1." Dkt. 131 at 5. The Court overruled Tachyus's objections to Topic 1 and concludes that those objections are no more persuasive as to Topic 2. Accordingly, the Court also overrules Tachyus's objections to Topic 2.

> Topic 7: Your position regarding whether Crescent Point terminated the Agreement.

Dkt. 133 at 50.

Topic 7 relates to Tachyus's counterclaim, for breach of contract. In the counterclaim, Tachyus alleges that Crescent Point breached the parties' agreement by failing to pay amounts due and by "failing to properly terminate the contract in accordance with the Parties' termination provision." Dkt. 92 ¶ 48. Topic 7 seeks a 30(b)(6) witness who can expound upon Tachyus's failure-to-properly-terminate theory.

Tachyus objects to Topic 7 because the topic "concerns a legal issue and implicates the attorney-client privilege." Dkt. 131 at 5. The Court will sustain that objection. Termination of the agreement is a legal issue; and Tachyus's position on that issue—that Crescent Point failed to properly terminate the agreement—is a legal position. Crescent Point may have been able to

3

obtain discovery on Tachyus's legal position through a timely noticed contention interrogatory. *See* Fed. R. Civ. P. 33(a)(2) ("An interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact . . . ."). But a 30(b)(6) deposition on this topic won't get off the ground. A Tachyus corporate representative won't be able to expound upon the basis for Tachyus's legal position without relying on legal advice and attorney-client communications.

Tachyus need not provide a witness on Topic 7.

* * *

Tachyus must produce a 30(b)(6) witness to testify on Topics 1 and 2 by August 4, 2023. The undersigned is mindful that Judge Chesney set last Friday, July 14, 2023, as the fact discovery cutoff. *See* Dkt. 110 at 1. This order doesn't permit new discovery requested on the eve of the cutoff. It directs Tachyus to provide a witness on two timely noticed 30(b)(6) topics. Tachyus refused to provide a witness on these topics, and Crescent Point timely moved to compel. *See* Civil L.R. 37-3.

**IT IS SO ORDERED.**

Dated: July 20, 2023

_____
Alex G. Tse
United States Magistrate Judge